PER CURIAM.
Appellant argues that the trial court erred in imposing 22-month concurrent prison sentences upon his violation of probation because he did not have a prior felony conviction as required by the applicable statute and rule. We agree and reverse.
In 1998 appellant pled to felony charges of forgery and uttering in Escambia County. His guidelines scoresheet showed that he had no prior felony convictions and recommended any nonstate prison sanction. The court placed him on concurrent terms of 18 months of probation. While on probation, appellant committed two new offenses in Marion County, one of which was a felony, to which he pled and was placed on probation. Subsequently, an amended affidavit of violation of probation was filed in the Escambia County case alleging as grounds appellant’s commission of the Marion County offenses. Appellant appeared at the violation of probation hearing and pled guilty to violating his probation in the Escambia County case by committing the new law violations in Marion County. Even with the additional points assessed for appellant’s violation of probation, appellant’s guidelines score-sheet again called for any nonstate prison sanction. At a subsequent hearing, the court heard argument on the issue it previously asked the parties to research of whether section 921.001(5),Florida Statutes, and Florida Rule of Criminal Procedure 3.703(d)(27), which permit the court to impose a 22-month prison sentence on a *515 person whose scoresheet recommends any nonstate prison sanction if that person has a prior felony conviction, could be applied to appellant. The court acknowledged that appellant did not have a felony conviction prior to his commission of the forgery and uttering. The court decided, however, that because appellant’s Marion County felony was committed before it sentenced appellant for violation of probation in the Escambia County case, the Marion County felony became a prior felony for purposes of the statute and rule. Accordingly, the court revoked appellant’s probation, adjudicated appellant guilty of the forgery and uttering charges, and sentenced appellant to concurrent terms of 22 months in prison.
Both section 921.001(5), Florida Statutes, and Rule 3.703(d)(27) provide that a person sentenced for a felony “committed on or after July 1, 1997, who has at least one prior felony conviction and whose recommended sentence is any nonstate prison sanction may be sentenced to community control or a term of incarceration not to exceed 22 months.” Both the applicable rule and statute, however, define “prior record” as conviction for an offense “prior to” the commission of the “primary offense” and define “primary offense” as the offense pending before the court for sentencing that has the highest number of total sentence points. See § 921.0011(4)(5), Fla. Stat. (1997); Fla. R.Crim. P. 3.703(d)(14)-(15). At the hearing, appellant was found to have violated his probation as to the uttering and forgery convictions. Accordingly, it was those offenses that were pending before the court for sentencing, and it was on those offenses that the court imposed sentence. Appellant had no felony convictions prior to his commission of the forgery and uttering, and under the clear meaning of the statute and rule, the subsequent Marion County felony conviction was not a prior felony conviction.
Although not argued either below or on appeal, we note an important fact overlooked by the parties. The statute and rule authorize imposition of a 22-month prison term only for a felony “committed on or after July 1, 1997.” § 921.001(5), Fla. Stat.; Fla.R.Crim.P. 3.703(d)(27). The date of appellant’s uttering and forgery offenses for which he was sentenced was May 22,1997.
The sentences appealed are hereby vacated, and the case is remanded for resen-tencing.
MINER and ALLEN, JJ., SMITH, LARRY G., Senior Judge, CONCUR.